**Robert J. Bocko, OSB No. 964831**
**robert.bocko@kyl.com**
**Daniel J. Park, OSB No. 132493**
**daniel.park@kyl.com**
KEESAL, YOUNG & LOGAN
1301 Fifth Avenue, Suite 3300
Seattle, Washington 98101
Telephone:     (206) 622-3790
Facsimile:     (206) 343-9529
Attorneys for Defendants
FEDERAL NATIONAL MORTGAGE ASSOCIATION, aka
Fannie Mae, and WELLS FARGO BANK, N.A.

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **ROD ESLAMI, an individual,**<br><br>Plaintiff,<br><br>vs.<br><br>**FEDERAL NATIONAL MORTGAGE ASSOCIATION, aka Fannie Mae, and WELLS FARGO BANK, N.A.,**<br><br>Defendants. | Case No. 3:13-cv-00837-HA<br><br>**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

## I.      INTRODUCTION

This case involves a post-sale challenge by Plaintiff to a non-judicial foreclosure that

took place on January 19, 2012.

Wells Fargo and Fannie Mae filed a motion to dismiss on August 27, 2013, on the ground

that the Home Owners Loan Act ("HOLA"), 12 U.S.C. § 1461 *et seq.*, and its implementing

regulations preempt Plaintiff's claims.  (ECF No. 15.)  Consideration of Defendants' motion has

been delayed because a series of Plaintiff's pro bono lawyers withdrew or were unwilling to

accept appointment.  (ECF Nos. 13, 18, 23, 24, 28-30, 32-34, 38-40, 42-43.)  On October 19,

2013, the Court notified Plaintiff that it would not appoint additional pro bono counsel and set

Case No.:  3:13-cv-00837-HA
DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT - 1

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON 98101
(206) 622-3790

Plaintiff's deadline to respond to Defendants' motion to dismiss for December 11, 2013, regardless of whether Plaintiff is able to obtain his own counsel.  (ECF No. 44.)

The Court's order of September 19, 2013, set the deadline to file dispositive motions for December 19, 2013.  (ECF No. 22.)  Wells Fargo and Fannie Mae now file this alternative dispositive motion for summary judgment because the Court probably will not rule on their motion to dismiss prior to the December 19 deadline.  Plaintiff contends that the foreclosure is invalid because assignment of the Deed of Trust from World Savings to Fannie Mae was not recorded.  Plaintiff's claims fail under two recent Oregon Supreme Court decisions, *Brandrup v. ReconTrust Co., N.A.* and *Niday v. GMAC Mortg., LLC*, because there was no written assignment that could have been recorded.  Furthermore, Plaintiff's post-sale challenge to the validity of the sale is barred by ORS 86.770.

## II.    FACTS

Plaintiff signed an Adjustable Rate Mortgage Note (the "Note"), dated May 2, 2005, to obtain a loan in the amount of in the amount of $387,000.00 from World Savings Bank, F.S.B. ("World Savings").  Declaration of Michael Dolan ("Dolan Dec.") ¶ 9, Ex. A.  As security for the loan, Plaintiff signed a Deed of Trust, dated May 2, 2005, encumbering the real property located at 18985 SW Gassner Road, Beaverton, OR 97007 (the "Property").  Dolan Dec. ¶ 10, Ex. B.  The Deed of Trust identified the "Lender" as the "Beneficiary" in Paragraph H of the definitions section of the security instrument.  Dolan Dec. ¶ 10, Ex. B.  "Lender" was further defined as "World Savings Bank, FSB" and "its Successors and/or Assignees."  Dolan Dec. ¶ 10, Ex. B.  The Deed of Trust was recorded in Washington County as Document No. 2005-049901. Dolan Dec. ¶ 10, Ex. B.

After the origination of the loan, World Savings converted the Note to a fixed rate. Dolan Dec. ¶ 12.  On July 11, 2006, World Savings sold the Note to Fannie Mae.  Dolan Dec. ¶ 12.  There was no written assignment memorializing the sale of the Note to Fannie Mae.  Dolan Dec. ¶ 13.  Thus, there was no written assignment to record.

Case No.:  3:13-cv-00837-HA
DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT - 2

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON 98101
(206) 622-3790

On December 31, 2007, World Savings changed its name to Wachovia Mortgage, F.S.B. Dolan Dec. ¶ 4.  Thereafter, on November 1, 2009, Wachovia Mortgage, F.S.B. converted to a national bank named Wells Fargo Bank Southwest, N.A.  Dolan Dec. ¶ 5; Request for Judicial Notice ("RJN"), Exs. 2, 4 (ECF No. 17).  Wells Fargo Bank Southwest, N.A., then immediately merged into and subsequently operated as a division of Wells Fargo Bank, N.A. ("Wells Fargo").  Dolan Dec. ¶ 5; RJN, Exs. 3, 4.  Thus, Wells Fargo is the successor by merger to World Savings and successor beneficiary under said Deed of Trust.  Dolan Dec. ¶ 5.

Plaintiff defaulted on the Note and Deed of Trust by failing to make payments.  Plaintiff does not contest that he defaulted on the loan.  On August 29, 2011, a Trustee's Notice of Default and Election to Sell Under Terms of Trust Deed ("Notice of Default") was recorded in Washington County as Document No. 2011-059315.  Dolan Dec. ¶ 11, Ex. C.  The Notice of Default stated that Plaintiff failed to make the monthly payments for the months of February 2009 through 2011, plus late charges, advances, interest.  Dolan Dec. ¶ 11, Ex. C.  The Notice of Default set the time and location of the sale for January 19, 2012, at 11:00 a.m. at Beaverton City Hall.  Dolan Dec. ¶ 11, Ex. C.

It is undisputed that the trustee sold the Property on January 19, 2012, as provided in the Notice of Default.  First Amended Complaint ("FAC") at ECF No. 10, FAC ¶ 12.  On January 23, 2012, the trustee, Nancy K. Cary, executed a Trustee's Deed, conveying title to the Property to Wells Fargo Home Mortgage, a division of Wells Fargo.  FAC ¶¶ 1, 12; Ex. B.  The Trustee's Deed states that Wells Fargo paid $336,872.00 as consideration for the Property at the trustee's sale.  The Trustee's Deed was recorded on January 25, 2012, as Document No. 2012-004664 in Washington County.  FAC ¶ 12, Ex. B.

On December 5, 2012, Wells Fargo executed a Warranty Deed conveying its interest in the Property to Fannie Mae.  FAC ¶ 13, Ex. C.  The Warranty Deed was recorded as Document No. 2013-002447 in Washington County.  FAC ¶ 13, Ex. C.  Accordingly, Fannie Mae is the current title owner of the Property.  Plaintiff continues to remain in possession of the Property.

Case No.:  3:13-cv-00837-HA
DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT - 3

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON 98101
(206) 622-3790

Plaintiff filed his complaint to initiate this action on May 17, 2013—nearly sixteen months after the trustee's sale and the recording of the trustee's deed.

## III.    ARGUMENT

### A.    Legal Standards.

Summary judgment may be granted when the evidence, viewed in the light most favorable to the non-moving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact for trial, but it need not disprove the other party's case." *Regence Group v. TIG Specialty Ins. Co.*, 903 F. Supp. 2d 1152, 1155 (D. Or. 2012) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986)).

Once the moving party has met its initial burden, the non-moving party must "go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 317. "A nonmoving party cannot defeat summary judgment by relying on the allegations in the complaint, or with unsupported conjecture or conclusory statements." *Regence Group*, 903 F. Supp. 2d at 1155 (citing *Hernandez v. Spacelabs Medical, Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003)). Although inferences are to be drawn in a light most favorable to the party opposing the motion, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

### B.    Plaintiff's Claims Fail Under *Brandrup* and *Niday* Because There Was No Written Assignment to be Recorded.

Plaintiff makes the conclusory allegation that "World Savings Bank or one of its successors in interest . . . prepared a document assigning the mortgage from it to Fannie Mae."

Case No.: 3:13-cv-00837-HA
DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT - 4

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON 98101
(206) 622-3790

FAC ¶ 14, 16. He then claims that the foreclosure is "void" because the assignment was not recorded in the county records prior to the trustee's sale in violation of ORS 86.735. FAC ¶ 19, 23-24.

The Oregon Trust Deed Act ("OTDA") provides that "[a] trustee may foreclose a trust deed by advertisement and sale . . . if . . . [t]he trust deed, any assignments of the trust deed by the trustee or the beneficiary and any appointment of a successor trustee are recorded in the mortgage records in the counties in which the property described in the deed is situated." ORS 86.735(1). However, the recording requirement only applies if there is actually a *written* instrument to record.[1] Here, World Savings' sale of the loan to Fannie Mae was not memorialized by a written instrument. Dolan Dec. ¶ 13. Accordingly, the recording requirement of ORS 86.735(1) is inapplicable because there were no assignments to record.

The Oregon Supreme Court's decisions in *Brandrup v. ReconTrust Co., N.A.*, 353 Ore. 668 (2013) (en banc), and *Niday v. GMAC Mortg., LLC*, 353 Ore. 648 (2013) (en banc),[2] are dispositive on this issue. In *Brandrup*, the Court addressed the following certified question from the District of Oregon: "Does the transfer of a promissory note from the lender to a successor result in an automatic assignment of the securing trust deed that must be recorded prior to the commencement of nonjudicial foreclosure proceedings under ORS 86.735(1)?" *Brandrup*, 353 Ore. at 673. The Court answered "no" and elaborated that "ORS 86.735(1) does not require recordation of 'assignments' of a trust deed by operation of law that result from the transfer of the secured obligation." *Id.*

_____

[1] Wells Fargo denies that ORS 86.735(1) could have required World Savings to record any assignment by it because the Home Owners Loan Act and its implementing regulations preempt the state statute. That is the subject of Wells Fargo and Federal National Mortgage Association's motion to dismiss.

[2] *Brandrup* and *Niday* both involved loans in which Mortgage Electronic Registration Systems, Inc. ("MERS") was identified as the "beneficiary" under the Deed of Trust. This case does not involve a MERS loan. World Savings was named as the Lender and Beneficiary under the Deed of Trust. Dolan Dec., Ex. B. However, *Brandrup* and *Niday*'s discussion of the boundaries of the recording requirement of ORS 86.735(1) is not limited to MERS loans.

Case No.: 3:13-cv-00837-HA
DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT - 5

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON 98101
(206) 622-3790

*Brandrup* rejected the plaintiffs' contention that ORS 86.735(1) required *all* transfers to be recorded prior to a foreclosure.  The Court reasoned that "[a]lthough it is true that the parties to the transfer of a promissory note can always memorialize the transfer in a separate writing that is recordable, plaintiffs' reading of ORS 86.735(1) would turn that practice into a *requirement*, at least when nonjudicial foreclosure is contemplated."  *Id.* at 696-97 (emphasis in original).  It added that "ORS 86.735(1) does not appear to express such a requirement, and certain mortgage statutes that existed at the time ORS 86.735(1) was enacted . . . suggest that the legislature did not intend one."  *Id.* at 697.

The Court then stated, in plain terms, that "for purposes of ORS 86.735(1), 'assignments of the trust deed' means written assignments that are executed and acknowledged with such formalities, not a *post hoc* memorialization of a transfer of the secured obligation created solely for the purpose of recording."  *Id.* at 699.  Thus, the Court held that "ORS 86.735(1) does not require recordation of 'assignments' of the trust deed by operation of law that result from the transfer of the secured obligation."  *Id.*

The Court reaffirmed this principle in *Niday*, issued the same day as *Brandrup*, by holding that "ORS 86.735(1) refers to *written* assignments of a trust deed in recordable form, and not to assignments of trust deeds that result by operation of law by transfer of the note."  *Niday*, 353 Ore. at 661 (emphasis added).  *Niday* involved a lender who sold the promissory note associated with the trust deed.  The Court held that the sale of the promissory note does not qualify as an "assignment of the trust deed" for purposes of the recording requirement of ORS 86.735(1).  *Id.*  The *Niday* Court found no evidence of a "formal, written assignment of the trust deed" for the sale of the promissory note.  *Id.* at 661-62.  Thus, the defendants did not violate ORS 86.735(1) by initiating a foreclosure after selling the promissory note, even though no assignment of the trust deed was recorded.  *Id.*

Here, World Savings sold the Note to Fannie Mae prior to the foreclosure.  The assignment of the Deed of Trust occurred by operation of law as a result of the sale of the Note from World Savings to Fannie Mae.  There was no formal, written instrument memorializing that

Case No.:  3:13-cv-00837-HA
DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT - 6

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON 98101
(206) 622-3790

sale to be recorded.  Accordingly, ORS 86.735(1) could not require anything to be recorded and Plaintiffs' claim necessarily fails.[3]

    C.    **ORS 86.770 Bars Plaintiff's Post-Sale Challenge to the Foreclosure.**

Finally, Plaintiff's claims are barred by ORS 86.770.  That statute provides that "[i]f, under [the ODTA], a trustee sells property covered by a trust deed, the trustee's sale *forecloses and terminates* the interest in the property that belongs to a person to which notice of the sale was given under ORS 86.740 and 86.750 . . . ."  ORS 86.770(1) (emphasis added).  ORS 86.740 and ORS 86.750 require notice to be given, among others, to the grantor under the Deed of Trust (i.e. the borrower) and occupants of the property subject to the foreclosure.  ORS 86.740(1)(a); ORS 86.750(1).

Numerous courts within this district have held that ORS 86.770 bars post-sale challenges to a foreclosure where the trustee provided proper notice of the foreclosure.  For example, in *Mikityuk v. Northwest Tr. Servs.*, No. 12-1518, 2013 U.S. Dist. LEXIS 96935 (D. Or. June 24, 2013) (Panner, J.), the court noted that "[t]he text and context of the OTDA demonstrate that the legislature weighed efficiency, certainty, and finality against the threat of wrongful foreclosure and, after including notice provisions intended to protect the grantor from wrongful foreclosure, came to the conclusion that the need for certainty and finality trumped the risks of wrongful foreclosure."  *Mikityuk*, 2013 U.S. Dist. LEXIS 96935, at *23-24.  The court reasoned that "[t]he legislature provided notice and reinstatement provisions to protect grantors against the threat of wrongful foreclosure."  *Id.* at *29.  "Voiding the sale here would encourage grantors who receive notice of a sale to sit on their rights, rather than compelling grantors to bring pre-sale challenges to a trustee's sale."  *Id.*  The court pointed out that the plaintiffs filed their complaint nineteen

---

[3] To the extent Plaintiff contends that the defendants failed to comply with Fannie Mae's servicing guidelines, FAC ¶ 17, Plaintiff has no standing to make this challenge.  *McKenzie v. Wells Fargo Bank, N.A.*, 931 F. Supp. 2d 1028, 1047 (N.D. Cal. 2013) (holding that plaintiffs "lack standing to enforce the servicing guidelines because they are neither party nor third-party beneficiary thereto").

Case No.:  3:13-cv-00837-HA
DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT - 7

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON 98101
(206) 622-3790

months after the trustee's sale and subsequent recording of the trustee's deed. *Id.* at *3-4. Accordingly, the court dismissed the plaintiffs' post-sale challenges to the foreclosure because their "interest in the property was 'foreclosed and terminated' pursuant to ORS 86.770(1)." *Id.* at *30.

Similarly, in *Chen v. Bank of Am., N.A.*, No. 12-194, 2013 U.S. Dist. LEXIS 106199 (D. Or. July 25, 2013), the defendants moved to dismiss an action challenging a completed non-judicial foreclosure sale. The plaintiff admitted defaulting on the obligation, receiving prior notice of defendants' intention to foreclose, and that the property was sold at a trustee's sale. *Chen*, 2013 U.S. Dist. LEXIS 106199, at *1. The plaintiff did not file the action until after the trustee's sale and recording of the trustee's deed. *Id.* at *1-2. The court held that ORS 86.770(1) barred the plaintiff's challenges to the non-judicial foreclosure sale. "As plaintiff received advance notice of the sale, his interest in the property was 'foreclosed and terminated.'" *Id.* at *4 (citing ORS 86.770(1)). The court stated that "[t]he notice provisions of the Oregon Trust Deed Act reflect the legislature's intent to provide those whose property interests could be affected by a trustee's sale sufficient time to act to protect those interests before the sale." *Id.* at *4-5. Accordingly, the time to make such a challenge had "long passed." *Id.* at *4.

Other courts have reached the same conclusion. *E.g.*, *Woods v. United States Bank N.A.*, No. 12-01052, 2013 U.S. Dist. LEXIS 146485, at *13-14 (D. Or. Oct. 10, 2013) (Brown, J.) ("The Court adopts the reasoning of *Mikityuk*, *Chen*, and other decisions in this district and Oregon courts. . . . The Court concludes on this record that Plaintiff's claim is barred under § 86.770(1) and, therefore, grants Defendants' Motion to Dismiss."); *Hart v. Pacific Trust Bank*, No. 12-705, 2013 U.S. Dist. LEXIS 128115, at *2 (D. Or. Sept. 9, 2013) (Panner, J.) ("Although plaintiff here had sufficient time to raise any of the current challenges before the sale, she chose instead to raise such challenges after the trustee's sale and recording of the trustee's deed. Plaintiff's challenges to the trustee's sale are barred, as plaintiff's interest in the property was 'foreclosed and terminated.'").

Case No.:  3:13-cv-00837-HA
DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT - 8

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON 98101
(206) 622-3790

Here, Plaintiff does not deny that he defaulted on the Note and Deed of Trust, and he does not dispute the sufficiency of any of the notices relating to the foreclosure. His only challenge to the foreclosure is the meritless argument that no assignment of the Deed of Trust was recorded. Like the borrowers in *Mikityuk*, *Chen* and the other cases cited above, Plaintiff had sufficient time to raise this challenge before the sale, but he did not do that. Instead, he waited to raise this challenge until after the trustee's sale and recording of the Trustee's Deed. Indeed, Plaintiff did not file this case until May 17, 2013—nearly sixteen months after the trustee's sale (January 19, 2012) and the recording of the trustee's deed (January 23, 2012).

Plaintiff's interest in the Property was "foreclosed and terminated" by the trustee's sale. Accordingly, ORS 86.770(1) bars Plaintiff's post-sale challenge to the validity of the foreclosure.

## IV.   <u>CONCLUSION</u>

For all the above reasons, Wells Fargo's motion for summary judgment should be granted.

DATED this 16th day of December, 2013

KEESAL, YOUNG & LOGAN

s/ Daniel J. Park
Robert J. Bocko, OSB No. 964831
robert.bocko@kyl.com
Daniel J. Park, OSB No. 132493
daniel.park@kyl.com
Attorneys for Defendants
FEDERAL NATIONAL MORTGAGE
ASSOCIATION, aka Fannie Mae, and WELLS
FARGO BANK, N.A.

Case No.:  3:13-cv-00837-HA
DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT - 9

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON 98101
(206) 622-3790

## CERTIFICATE OF SERVICE

I hereby certify that on the date given below, I electronically filed the foregoing

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY**

**JUDGMENT** with the Clerk of the Court using the CM/ECF system, and served a copy thereof

via First Class Mail, postage prepaid, upon the following person:

Mr. Rod Eslami
P.O. Box 6494
Beaverton, OR  97007
Plaintiff, Pro Se


DATED this 16th day of December, 2013, at Seattle, Washington.

Mary E. Tappero

KYL_SE88736

Case No.:  3:13-cv-00837-HA
DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT - 10

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON 98101
(206) 622-3790