UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


ROD ESLAMI, an individual,

    Plaintiff,

v.

FEDERAL NATIONAL MORTGAGE ASSOCIATION, aka Fannie Mae, and WELLS FARGO BANK, N.A.,

    Defendants.

Case No.: 3:13-cv-00837-HA

OPINION AND ORDER

HAGGERTY, District Judge:

Plaintiff, Rod Eslami, brings this quiet title action pursuant to Oregon Revised Statute (ORS) 86.735(1) to challenge the non-judicial foreclosure of his home. Defendants have filed a Motion to Dismiss [15], a Request for Judicial Notice [17], and a Motion for Summary Judgment [46]. Defendants contend that plaintiff's claim is preempted by the Home Owners Loan Act (HOLA), 12 U.S.C. § 1461 *et seq.*, and that this case must be dismissed. Plaintiff has filed a Motion for Leave to File Second Amended Complaint [68] and a Request for Judicial Notice [70]. For the following reasons, defendants' Motion to Dismiss [15] and Request for Judicial Notice [17] are granted and all other motions are denied.

1 - OPINION AND ORDER

## FACTUAL BACKGROUND

In 2005, plaintiff refinanced his home with a loan from World Savings Bank, F.S.B., a federal savings bank, in the amount of $387,000.00. As security for the loan, plaintiff executed a Deed of Trust, dated May 2, 2005, encumbering the real property located at 18985 SW Gassner Road, Beaverton, OR 97007 (Property). The Deed of Trust was recorded in Washington County, Oregon.

On December 31, 2007, World Savings changed its name to Wachovia Mortgage, F.S.B. On November 1, 2007, Wachovia Mortgage, F.S.B. changed its name to Wells Fargo Bank Southwest, N.A. Wells Fargo Bank Southwest, N.A. then merged into Wells Fargo Bank, N.A. (Wells Fargo).

In 2009, plaintiff failed to make three payments on his home loan and then was unable to make a full payment on his mortgage arrears. From 2009 until 2011, plaintiff tried unsuccessfully to seek a loan modification. In total, plaintiff submitted nine applications for a loan modification, but Wells Fargo allegedly lost portions of his applications and requested additional irrelevant documents such that none of plaintiff's applications were approved.

On January 19, 2012, the Property was sold at a non-judicial trustee's sale in Beaverton, Oregon to Wells Fargo for $336,872.00. On January 23, 2012, the successor trustee executed a Trustee's Deed, conveying title to the Property to Wells Fargo Home Mortgage, a division of Wells Fargo Bank, NA.

On December 5, 2012, Wells Fargo executed a Warranty Deed conveying its interest in the Property to the Federal National Mortgage Association (Fannie Mae). The Warranty Deed was recorded in Washington County, Oregon. Plaintiff filed this action on May 17, 2013 and filed the First Amended Complaint [10] on June 30, 2013.

2 - OPINION AND ORDER

For a significant period of time, plaintiff was acting *pro se*, however, he obtained counsel prior to responding to the pending motions. The sole claim pleaded in both the First Amended Complaint and the proposed Second Amended Complaint is under ORS 86.735(1). ORS 86.735(1) provides that a trustee's sale is only valid if "the trust deed, any assignments of the trust deed by the trustee or the beneficiary and any appointment of a successor trustee are recorded in the mortgage records in the counties in which the property described in the deed is situated." Plaintiff alleges that written assignment of the deed of trust from World Savings Bank, or its successor in interest, to Fannie Mae was not recorded and as such, the Trustee's Deed is void. The Second Amended Complaint also contains allegations of unfair and deceptive practices and requests for equitable relief, but does not include any additional claims.

**STANDARDS**

To survive a motion to dismiss under Federal Rule of Civil Procedure (FRCP) 12(b)(6), a complaint must allege sufficient facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). When considering a motion to dismiss, the court must determine whether the plaintiff has made factual allegations that are "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Dismissal under FRCP 12(b)(6) is proper only where there is no cognizable legal theory, or an absence of sufficient facts alleged to support a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

The reviewing court must treat all facts alleged in the complaint as true and resolve all doubts in favor of the nonmoving party. *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1098 n.1 (9th Cir. 2009) (citation omitted). The court need not accept any legal conclusions set forth in a plaintiff's pleading. *Ashcroft*, 129 S. Ct. at 1949-50.

3 - OPINION AND ORDER

## DISCUSSION

In considering defendants' Motion to Dismiss, defendants request that this court take judicial notice of the Deed of Trust; a letter dated November 19, 2007, on the letterhead of the Office of Thrift Supervision, Department of the Treasury (OTS) authorizing a name change from World Savings Bank, FSB to Wachovia Mortgage, FSB; the Official Certification of the Comptroller of the Currency stating that effective November 1, 2009, Wachovia Mortgage, F.S.B. converted to Wells Fargo Bank Southwest, N.A., which then merged with and into Wells Fargo Bank, N.A.; and the historical profile of World Savings Bank, F.S.B. (FDIC Certificate # 27076) from the "BankFind" feature of the Federal Deposit Insurance Corporation website. As there are no objections to the requests for judicial notice and as judicial notice is appropriate for each of the above exhibits, defendants' Request for Judicial Notice [17] is granted.

Congress enacted HOLA in 1933 "at a time when record numbers of home loans were in default and a staggering number of state-chartered savings associations were insolvent. HOLA was designed to restore public confidence by creating a nationwide system of federal savings and loan associations to be centrally regulated according to nationwide 'best practices.'" *Silvas v. E\*Trade Mortg. Corp.,* 514 F.3d 1001, 1004 (9th Cir. 2008)(quoting *Fid. Fed. Sav. & Loan Ass'n v. de la Cuesta,* 458 U.S. 141, 160–61 (1982)). Through HOLA, Congress created a system "so pervasive as to leave no room for state regulatory control." *Conference of Fed. Sav. & Loan Ass'ns v. Stein,* 604 F.2d 1256, 1257, 1260 (9th Cir.1979), *aff'd,* 445 U.S. 921. OTS has broad authority to issue regulations governing federal savings associations. 12 U.S.C. § 1464. OTS promulgated a preemption regulation in 12 C.F.R. § 560.2.

The first question is whether HOLA applies in this case because Wells Fargo is a national bank, rather than a federal savings bank. The great weight of authority on this issue concludes

4 - OPINION AND ORDER

that HOLA preemption applies to Wells Fargo with respect to loans originating with World Savings Bank. *See, e.g., Copeland-Turner v. Wells Fargo Bank*, 800 F. Supp. 2d 1132, 1143 (D.Or. 2011); *Guerrero v. Wells Fargo Bank, N.A.*, No. CV 10–5095–VBF, 2010 WL 8971769, *3 (C.D.Cal. Sept. 14, 2010) ("[w]here a national association, such as [Wells Fargo], acquires the loan of a federal savings bank, it is proper to apply preemption under HOLA"). The court finds no basis to conclude that HOLA is inapplicable to Wells Fargo as the successor to World Savings Bank.

The parties agree that 12 C.F.R. § 560.2 controls whether plaintiff's claim under ORS 86.735(1) is preempted. Section 560.2 (a) provides that:

> OTS hereby occupies the entire field of lending regulation for federal savings associations. OTS intends to give federal savings associations maximum flexibility to exercise their lending powers in accordance with a uniform federal scheme of regulation. Accordingly, federal savings associations may extend credit as authorized under federal law, including this part, without regard to state laws purporting to regulate or otherwise affect their credit activities, except to the extent provided in paragraph (c) of this section . . .

Section 560.2(b) goes on to list specific types of state laws preempted by HOLA and § 560.2(c) carves out specific exceptions to HOLA preemption. In *Silvas*, the Ninth Circuit set forth the framework for determining whether a state law claim is preempted by HOLA:

> When analyzing the status of state laws under § 560.2, the first step will be to determine whether the type of law in question is listed in paragraph (b). If so, the analysis will end there; the law is preempted. If the law is not covered by paragraph (b), the next question is whether the law affects lending. If it does, then, in accordance with paragraph (a), the presumption arises that the law is preempted. This presumption can be reversed only if the law can clearly be shown to fit within the confines of paragraph (c). For these purposes, paragraph (c) is intended to be interpreted narrowly. Any doubt should be resolved in favor of preemption.

5 - OPINION AND ORDER

*Silvas*, 514 F.3d at 1005 (quoting OTS, Final Rule, 61 Fed.Reg. 50951, 50966–67 (Sept. 30, 1996)). The question in this case is whether ORS 86.735(1), which purports to regulate foreclosure, is preempted by § 560.2 because the loan at issue originated with a federal savings bank.

In *Copeland-Turner*, Judge Hernandez conducted an exhaustive collection and analysis of cases arising in the Ninth Circuit to determine whether foreclosure was the type of activity for which preemption applies. 800 F. Supp. 2d at 1138-1142. In a well-reasoned opinion, Judge Hernandez concluded that § 560.2 (b)(10)'s inclusion of "processing, origination, servicing, sale or purchase of, or investment or participation in, mortgages" should be read to include state laws concerning foreclosure, and that even if it did not, § 560.2 (c)'s preemption of laws having more than an incidental affect on lending would certainly apply. *Copeland-Turner*, 800 F. Supp. 2d at 1142. As it is clear ORS 86.735(1) would have more than an incidental effect on lending, this court adopts the reasoning in *Copeland-Turner* and concludes that plaintiff's sole claim is preempted by HOLA.

Because plaintiff does not seek to add any new claims through his Second Amended Complaint, but only adds additional information relating to his claim under ORS 86.735(1), the court must conclude that such amendment would be futile. Similarly, the court is powerless to grant plaintiff equitable relief on a claim that fails as a matter of law. Accordingly, the court concludes that plaintiff's First Amended Complaint must be dismissed. Given that plaintiff has not sought to add any additional claims, the procedural posture of this case, and the lengthy delay already passed, that dismissal must be with prejudice. Moreover, because the documents for which plaintiff requests judicial notice do not alter this court's analysis, plaintiff's Request for

Judicial Notice [70] is denied as moot. The court does not reach defendants' Motion for Summary Judgment and it too is denied as moot.

**CONCLUSION**

For the foregoing reasons, defendants' Motion to Dismiss [15] and Request for Judicial Notice [17] are GRANTED. All other pending motions are denied and this case is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

DATED this 14 day of July, 2014.

Ancer L. Haggerty
United States District Judge